IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PHARR,<br><br>    Petitioner,<br><br>  v.<br><br>FERNANDO GONZALEZ, Warden,<br><br>    Respondent.<br>_____/ | No. C 09-3456 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why writ of habeas corpus should not be granted based on the claim in the petition. Respondent has filed an answer and a memorandum of points and authorities in support of it, and petitioner has filed a traverse. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

In 2007, a jury in Alameda County Superior Court convicted petitioner of first-degree murder and the use of a firearm, under Sections 187 and 12022.53(b)-(d) of the California Penal Code (Clerk's Transcript ("CT") 508). The trial court sentenced him to state prison for a term of fifty years to life (*id.* 601-03). The conviction and sentence were affirmed on direct appeal by the California Court of Appeal (Resp. Ex. 6). The California Supreme Court denied the petition for review (Resp. Exs. 7 & 8).

Petitioner's conviction was based on his shooting and killing a fellow gang member

1 named Jeremee Timms. Timms and petitioner, who were teenagers, had had an ongoing dispute
2 that included a physical altercation in which Timms had beaten up the petitioner, who was
3 smaller than Timms. Several witnesses, including other fellow gang members present at the
4 shooting and Timms's mother, testified or gave statements to the police that on the night of the
5 murder, petitioner telephoned Timms agreed to meet him and other gang members on an
6 Oakland street corner. Timms arrived and approached petitioner, but petitioner pulled out a gun
7 and shot Timms six times, killing him. Petitioner did not dispute that he shot Timms, but rather
8 argued that he did not premeditate the killing and acted in self-defense, in imperfect self-
9 defense, or in the heat of passion.

## ANALYSIS

### A. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 09 (2000), while the second prong applies to decisions based on factual determinations, *Miller El v. Cockrell*, 537 U.S. 322, 340 (2003). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion from the state courts. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). The last reasoned state court decision on petitioner's claim is the decision by the California Court of Appeal (Pet. Ex. A).

### B. ISSUES PRESENTED

As grounds for federal habeas relief, petitioner asserts that the admission of hearsay statements made by Timms to his mother violated the federal constitutional guarantee of due

2

process.

To begin with, petitioner's claim is procedurally defaulted. Under California law, objections to evidence must be made at trial when the evidence is introduced in order to preserve for appeal a claim that the evidence was inadmissible. *See People v. Fosselman*, 33 Cal. 3d 572, 580-81 (1983). A petitioner who fails to observe a state's "contemporaneous objection" rules may not challenge the constitutionality of the conviction in federal court. *See Engle v. Isaac*, 456 U.S. 107, 129 (1982). The Ninth Circuit has recognized and applied the California contemporaneous objection rule in affirming the denial of a federal petition on grounds of procedural default where there was a failure to object at trial. *See Inthavong v. Lamarque*, 420 F.3d 1055, 1058 (9th Cir. 2005); *Paulino v. Castro*, 371 F.3d 1083, 1092-93 (9th Cir. 2004); *Vansickel v. White*, 166 F.3d 953, 957-58 (9th Cir. 1999).

The California Court of Appeal held that under California's contemporaneous objection rule petitioner's failure to object when Timms's mother testified to Timms's out-of-court statements resulted in petitioner forfeiting his claim on appeal (Pet. Ex. A at 6-7 & n.3). The state court's conclusion was not altered by the fact that defense counsel had objected to Timms's mother's earlier testimony on hearsay grounds because petitioner was required to renew his objection to when Timms's mother testified about the out-of-court statements that are the subject of his present claim (*id.* 7). This interpretation of California's contemporaneous objection rule is a determination of state law that is binding on federal habeas review. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

Petitioner's failure to abide by California's contemporaneous objection rule precludes him from raising his claim in a federal habeas petition. The fact that the state court also proceeded to reject petitioner's claim on alternative grounds, moreover, does not preclude a finding that the claim is procedurally defaulted from federal review. *See Harris*, 489 U.S. at 264 n. 10.

In any event, even if the claim were not procedurally defaulted, it does not warrant federal habeas relief. The United States Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation

1  sufficient to warrant issuance of the writ." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir.
2  2009). Absent such a ruling from the United States Supreme Court, a federal habeas court
3  cannot find the state court's ruling was an "unreasonable application" of "clearly established
4  federal law" under 28 U.S.C. 2254(d)(1). *Ibid*. (citing *Carey v. Musladin*, 549 U.S. 70, 77
5  (2006)). Under *Holley*, therefore, habeas relief cannot be granted under AEDPA on petitioner's
6  claim that the admission of hearsay evidence violated his right to due process. *See id.* at 1101
7  n.2 (finding that although trial court's admission of irrelevant and prejudicial evidence violated
8  due process under Ninth Circuit precedent, such admission was not contrary to, or an
9  unreasonable application of, "clearly established Federal law" under Section 2254(d)(1), and
10 therefore not grounds for granting federal habeas relief).

11      Lastly, even if the claim were neither procedurally defaulted nor barred by AEDPA, it
12 would still fail because the admission of the evidence was not prejudicial. To obtain habeas
13 relief on the basis of an evidentiary error, a petitioner must show that the error had "'a
14 substantial and injurious effect' on the verdict.'" *Dillard v. Roe*, 244 F.3d 758, 767 n.7 (9th Cir.
15 2001) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)). The California Court of
16 Appeal correctly noted that petitioner's premeditation was convincingly shown by the
17 testimony of numerous witnesses that petitioner and Timms had been in ongoing dispute in
18 which Timms had previously beaten up petitioner, that petitioner planned to meet Timms on the
19 night of the shooting for another fight for which petitioner armed himself with a loaded gun,
20 and that petitioner initially concealed the gun when Timms arrived. This testimony made the
21 out-of-court statements by Timms unnecessary for the jury to find beyond a reasonable doubt
22 that the murder was premeditated. As a result, its admission did not have a substantial and
23 injurious effect on the verdict so as to be prejudicial under *Brecht.*

24      Petitioner is not entitled to habeas relief on his claim because it is procedurally
25 defaulted, and in any event the state court's denial of the claim was neither contrary to nor an
26 unreasonable application of federal law.

27 //
28 //

4

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the United States Court of Appeals.

The clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

Dated: September 26, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\PHARR3456.RUL.wpd

5