United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTHONY PHARR,                                    No. C 09-3456 WHA (PR)

        Petitioner,                              **ORDER DENYING PETITION FOR**
                                                  **WRIT OF HABEAS CORPUS**
  v.

FERNANDO GONZALEZ, Warden,

        Respondent.
_____/

## INTRODUCTION

     This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C.
2254. Respondent was ordered to show cause why writ of habeas corpus should not be granted
based on the claim in the petition. Respondent has filed an answer and a memorandum of
points and authorities in support of it, and petitioner has filed a traverse. For the reasons set
forth below, the petition is **DENIED**.

## STATEMENT

     In 2007, a jury in Alameda County Superior Court convicted petitioner of first-degree
murder and the use of a firearm, under Sections 187 and 12022.53(b)-(d) of the California Penal
Code (Clerk's Transcript ("CT") 508). The trial court sentenced him to state prison for a term
of fifty years to life (*id.* 601-03). The conviction and sentence were affirmed on direct appeal
by the California Court of Appeal (Resp. Ex. 6). The California Supreme Court denied the
petition for review (Resp. Exs. 7 & 8).

     Petitioner's conviction was based on his shooting and killing a fellow gang member

1   named Jeremee Timms.  Timms and petitioner, who were teenagers, had had an ongoing dispute

2   that included a physical altercation in which Timms had beaten up the petitioner, who was

3   smaller than Timms.  Several witnesses, including other fellow gang members present at the

4   shooting and Timms's mother, testified or gave statements to the police that on the night of the

5   murder, petitioner telephoned Timms agreed to meet him and other gang members on an

6   Oakland street corner.  Timms arrived and approached petitioner, but petitioner pulled out a gun

7   and shot Timms six times, killing him.  Petitioner did not dispute that he shot Timms, but rather

8   argued that he did not premeditate the killing and acted in self-defense, in imperfect self-

9   defense, or in the heat of passion.

10                                     **ANALYSIS**

11   **A.    STANDARD OF REVIEW**

12          Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court

13   may not grant a petition challenging a state conviction or sentence on the basis of a claim that

14   was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1)

15   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

16   established Federal law, as determined by the Supreme Court of the United States; or (2)

17   resulted in a decision that was based on an unreasonable determination of the facts in light of

18   the evidence presented in the State court proceeding."  28 U.S.C. 2254(d).  The first prong

19   applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v.*

20   *Taylor*, 529 U.S. 362, 407 09 (2000), while the second prong applies to decisions based on

21   factual determinations, *Miller El v. Cockrell*, 537 U.S. 322, 340 (2003).  When there is no

22   reasoned opinion from the highest state court to consider the petitioner's claims, the court looks

23   to the last reasoned opinion from the state courts.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-

24   06 (1991).  The last reasoned state court decision on petitioner's claim is the decision by the

25   California Court of Appeal (Pet. Ex. A).

26   **B.    ISSUES PRESENTED**

27          As grounds for federal habeas relief, petitioner asserts that the admission of hearsay

28   statements made by Timms to his mother violated the federal constitutional guarantee of due

1    process.

2         To begin with, petitioner's claim is procedurally defaulted.  Under California law,

3    objections to evidence must be made at trial when the evidence is introduced in order to

4    preserve for appeal a claim that the evidence was inadmissible.  *See People v. Fosselman*, 33

5    Cal. 3d 572, 580-81 (1983).  A petitioner who fails to observe a state's "contemporaneous

6    objection" rules may not challenge the constitutionality of the conviction in federal court.  *See*

7    *Engle v. Isaac*, 456 U.S. 107, 129 (1982). The Ninth Circuit has recognized and applied the

8    California contemporaneous objection rule in affirming the denial of a federal petition on

9    grounds of procedural default where there was a failure to object at trial.  *See Inthavong v.*

10   *Lamarque*, 420 F.3d 1055, 1058 (9th Cir. 2005); *Paulino v. Castro*, 371 F.3d 1083, 1092-93

11   (9th Cir. 2004); *Vansickel v. White*, 166 F.3d 953, 957-58 (9th Cir. 1999).

12        The California Court of Appeal held that under California's contemporaneous objection

13   rule petitioner's failure to object when Timms's mother testified to Timms's out-of-court

14   statements resulted in petitioner forfeiting his claim on appeal (Pet. Ex. A at 6-7 & n.3).  The

15   state court's conclusion was not altered by the fact that defense counsel had objected to

16   Timms's mother's earlier testimony on hearsay grounds because petitioner was required to

17   renew his objection to when Timms's mother testified about the out-of-court statements that are

18   the subject of his present claim (*id.* 7).  This interpretation of California's contemporaneous

19   objection rule is a determination of state law that is binding on federal habeas review.  *See*

20   *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

21        Petitioner's failure to abide by California's contemporaneous objection rule precludes

22   him from raising his claim in a federal habeas petition.  The fact that the state court also

23   proceeded to reject petitioner's claim on alternative  grounds, moreover, does not preclude a

24   finding that the claim is procedurally defaulted from federal review.  *See Harris*, 489 U.S. at

25   264 n. 10.

26        In any event, even if the claim were not procedurally defaulted, it does not warrant

27   federal habeas relief.   The United States Supreme Court "has not yet made a clear ruling that

28   admission of irrelevant or overtly prejudicial evidence constitutes a due process violation

United States District Court

For the Northern District of California

3

sufficient to warrant issuance of the writ." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009).  Absent such a ruling from the United States Supreme Court, a federal habeas court cannot find the state court's ruling was an "unreasonable application" of "clearly established federal law" under 28 U.S.C. 2254(d)(1).  *Ibid*. (citing *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).  Under *Holley*, therefore, habeas relief cannot be granted under AEDPA on petitioner's claim that the admission of hearsay evidence violated his right to due process.  *See id.* at 1101 n.2 (finding that although trial court's admission of irrelevant and prejudicial evidence violated due process under Ninth Circuit precedent, such admission was not contrary to, or an unreasonable application of, "clearly established Federal law" under Section 2254(d)(1), and therefore not grounds for granting federal habeas relief).

Lastly, even if the claim were neither procedurally defaulted nor barred by AEDPA, it would still fail because the admission of the evidence was not prejudicial.  To obtain habeas relief on the basis of an evidentiary error, a petitioner must show that the error had "'a substantial and injurious effect' on the verdict."  *Dillard v. Roe*, 244 F.3d 758, 767 n.7 (9th Cir. 2001) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).  The California Court of Appeal correctly noted that petitioner's premeditation was convincingly shown by the testimony of numerous witnesses that petitioner and Timms had been in ongoing dispute in which Timms had previously beaten up petitioner, that petitioner planned to meet Timms on the night of the shooting for another fight for which petitioner armed himself with a loaded gun, and that petitioner initially concealed the gun when Timms arrived.  This testimony made the out-of-court statements by Timms unnecessary for the jury to find beyond a reasonable doubt that the murder was premeditated.  As a result, its admission did not have a substantial and injurious effect on the verdict so as to be prejudicial under *Brecht*.

Petitioner is not entitled to habeas relief on his claim because it is procedurally defaulted, and in any event the state court's denial of the claim was neither contrary to nor an unreasonable application of federal law.

//

//

United States District Court

For the Northern District of California

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the United States Court of Appeals.

The clerk shall enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED.**

Dated: September   26  , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.09\PHARR3456.RUL.wpd

**United States District Court**
For the Northern District of California

5